[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Just last month our Supreme Court restated the need for trial courts to manage and control their civil dockets efficiently. InRuddock v. Burrowes, 243 Conn. 569, 575 (1998) the court reissued its admonition that "our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system."
This probate appeal began on June 28, 1991. The pleadings were closed on September 24, 1991. The case was exposed for trial in September, 1994, April, 1995 and January, 1996. It has been pretried at least twice, i.e. before Judge Ballen and Judge Referee Sicilian. In January, 1996 the matter was reported settled before Judge Ballen who thereupon ordered the case dismissed pursuant to Practice Book § 251 if not withdrawn by February 20, 1996. On February 26, there being no withdrawl on file the case was dismissed. On June 20, 1996 the plaintiff filed a motion to open the judgment of dismissal. For reasons not apparent on the record the motion has not been acted upon by the court to this date. On January 12, 1998 the defendant filed an "Objection to Motion to Open Judgment of Dismissal". The motion is silent as to why the motion to open remained unresolved for a period of 19 months. On February 13, 1998 the plaintiff filed an CT Page 2184 "Objection to Defendant's Objection to Open Judgment of Dismissal", attaching an affidavit from the plaintiff dated January 16, 1997 and correspondence dating back to August and September of 1996. All of this indicates the plaintiff's unwillingness to accept the settlement sum agreed upon before Judge Ballen in 1996.
It is obvious from the above that the plaintiff repudiated the settlement at the latest on January 16, 1997, the day he signed the affidavit. Having taken this position and having alleged no facts suggesting accident, mistake or other reasonable cause, it was inexcusable neglect for the plaintiff not to have pursued his motion to open for such a lengthy period of time. Accordingly, me motion to open is denied.
MOTTOLESE, JUDGE